Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
30 Vesey Street, 15thy Floor
New York, New York 10007
(212) 964-5100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X DOCKET # 19 Civ. 4563
DARRELL HARRIS,                      (MKB) (RER)

             PLAINTIFF,           PLAINTIFF'S FIRST AMENDED
                                              COMPLAINT

         -against-                    (Plaintiff Demands a Trial by Jury
                                         Of all issues herein)

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT ("NYPD");
DETECTIVE IVAN VILLANUEVA, POLICE OFFICER
AUBRA DARCY, POLICE OFFICER BOTTO,
OFFICE OF CHIEF MEDICAL EXAMINER OF
CITY OF NEW YORK ("OCME")

                   DEFENDANTS.
-----------------------------------------------------------------------X

        The plaintiff, by and through his attorney Gary S. Fish, Esq., sets forth the following

as his First Amended Complaint, pursuant to the Case Management Plan accepted by the Court,

per The Honorable Ramon Reyes, on December 10, 2019, providing the parties herein up to

and including February 10, 2020 to file amended pleadings herein, to wit:

        I.       PARTIES AND JURISDICTION

    1. On or about November 11, 2017 and at all times relevant herein, plaintiff resided and

resides at 664 East 78th Street, Brooklyn, NY 11236.

    2. On or about November 11, 2017 and at all times relevant herein, on information and

belief, defendant The City of New York was and is a municipal corporation lawfully organized

and existing under the laws of the State of New York, and on said date and at all times relevant herein, said defendant had and has a principal place of business located at 530 Municipal Building, NY, NY 10007,   and each act of wrongdoing herein after described to have been committed by the herein below described individual police officers     was committed within the scope of their agency and/or authority and/or employment with defendant The New York City   Police Department, which said agency was under the dominion, possession, ownership and/or control of defendant The City of New York.

3.   On or about November 11, 2017 , and at all times relevant herein, defendant The New York City Police Department ("NYPD") was a business entity   on information and belief, , lawfully authorized to   and that did transact business in the State of New York, and on said date, and at all times relevant   herein, said defendant had and has a principal   place of business located at One Police Plaza, NY,   NY 10007, and each act of wrongdoing herein after alleged to have been undertaken by   said individual police officers was committed pursuant to a municipality implemented policy, statement, ordinance, regulation, and/or decision officially and/or unofficially adopted by that body's officers, resulting in the herein after described constitutional violations, on behalf of defendant The City of New York,   which expressly and/or impliedly ratified each act of wrongdoing herein after alleged to have been committed by defendants herein.

4.   On or about November 11, 2017 and at all times relevant herein, defendant Ivan Villaneuva was and is Detective employed by defendant The New York City Police Department, Shield #4982, 87-34 118th Street, Richmond Hills, NY 11418, and was assigned to the burglary that occurred on or about November 11, 2017 allegedly occurring at 141-19 Foch Boulevard, Queens, New York, and pursuant to said duties said defendant prepared and/or supervised the preparation

-2-

of an Omniform System-Complaint Report, an Omniform System-Arrest Report, a

#Q18650421   December 19, 2018 DNA Collection report (by defendant Police Officer

Botta, Tax ID#916772), and a December 19, 2018 supporting deposition, People of State of

New York v. Darrell Harris, Criminal Court of City of New York, County of Queens,

Docket #CR-042237-18QN, all of which said documents are attached hereto as Plaintiff

Exhibit "1".

5.   On or about November 11, 2017 and at all times relevant herein, defendant Police

Officer Audra Darcy was   and is   a police officer employed by defendant The New York   City

Police Department, Shield #585, Patrol Borough Queens South Specialized Unit, Queens, NY,

who went to the alleged burglary scene on or about November 12, 2017 as part of an evidence

collection team, and who allegedly conducted   at 141-19 Foch Boulevard, Queens, NY, a

DNA swab of the windowsill of the 1st Floor rear bedroom window, and who vouchered

And placed in an evidence bag said DNA swab.

6.   On or about November 11, 2017, and at times relevant herein, defendant Office of Chief

Medical Examiner of the City of New York ("OCME") was on information and belief, an

Agency and/or department and/or subdivision of defendant The City of New York,   with a

principal place   of business located at , 520 1st Avenue, NYU Langone Campus, NY, NY

10016, and at all times relevant herein, this defendant acted in partnership and/or joint

enterprise and/or joint venture with defendants   NYPD and The City of New York with

respect to the collection and analysis of DNA evidence taken from Darrell Harris on or about

June 23, 2018, and/or with respect to the collection and/or analysis of DNA taken on or about

November 11, 2017 revealing a multiple source mixed DNA profile on the 141-19 Foch

Boulevard, Queens, NY above referenced windowsill,.

-3-

7.    At all times relevant herein, Detective Shaun Bertin, Shield #7112, defendant  NYPD, Detective Borough Brooklyn South Special Victims Squad, took, on information and belief, a swab of plaintiff's DNA on or about June 23, 2018, pursuant to plaintiff then   pleading guilty in a misdemeanor assault and/or domestic violence case, Kings County Superior Court   Information #6526/2018.

8.  At all times   relevant herein, Police Officer Anthony Sica, Shield #16031, defendant NYPD,   Strategic Response Group 3, 397 Coney Island Avenue, Brooklyn, NY 11218, vouchered Plaintiff Darrell Harris DNA sample on or about June 23, 2018.

9.  At all times   relevant herein, Criminalist Steven Hand and Criminalist Mike Yakoo were assigned to , on information and belief, analyze DNA evidence collected from the scene of the alleged   burglary at 141-19 Foch Boulevard, Queens, NY that   allegedly occurred on or About November 11, 2017, and at all times relevant herein, these individuals acted on behalf of defendant   OCME, and pursuant to a joint enterprise and/or joint venture existing as aforestated.

10. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court has original jurisdiction to redress the deprivation of civil rights under color of any law, statute, ordinance of any right, privilege, or immunity secured by the U.S. Constitution, providing for equal rights of any citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein under 42 U.S.C. Section 1983,   proscribing excessive force and/or false arrests, and/or malicious prosecution therein.

11. Pursuant to 28 U.S.C. Section 1391(b) in a case where jurisdiction is not solely founded on diversity jurisdiction, such   as the present case, venue is proper where the defendant resides

-4-

or a judicial district where a substantial part of the events giving rise to the claim occurred, and

venue is proper therefore in the United States District Court, Eastern District of New York.

COUNT   I
(VIOLATION OF 42 U.S.C.   SECTION 1983-EXCESSIVE FORCE)

12. On or about November 11, 2017,   three complaining   victims (CVs) alleged that their

residential house at 141-19 Foch Boulevard, Queens, New York was burglarized, and that

allegedly over $15,000.00 in personal property including, inter alia,   jewelry, mink stoles, clothes

and   bags, were stolen therefrom.

13. At the time of the alleged on or about November 11, 2017 above stated burglary,

plaintiff   was spinning records as a disc jockey in New Jersey, and/or was nowhere near the

premises of 141-19 Foch Boulevard, Queens, New York, where the alleged   burglary took place.

14. There was no evidence that a forcible entry was made into the front door of said

above described residential   house,   and   at the time that defendant Police Officer Aubra Darcy

made on November 12, 2017 a DNA swab of the windowsill of said open   rear side window

through which access to the house was allegedly achieved , there   did not exist any evidence of

any burglar tools used to obtain rear window access, and said house did not have any cameras or

alarm   systems pertaining thereto, and there did not exist any broken glass on or near said

premises or   windowsill. which was found in an open condition by defendant Police Officer

Aubra Darcy, on or about November 12, 2017 when she went to the subject premises to

investigate.

15. On or about   November 11, 2017, there existed,   passed on or about August 1, 2012,

The New York State DNA Databank Law (and Combined DNA Index System), which

stated, inter alia, that DNA can only be collected from individuals convicted of misdemeanors

-5-

and/or felonies (of which the Court can take judicial notice)..

16. On or about December 19, 2018, prior to any conviction, defendant Police Officer Botta, under the direction, supervision and/or instructions   of defendant   Detective Ivan Villaneuva   took DNA form plaintiff, approximately 10 hours after plaintiff's arrest.

17.  The DNA so   taken by defendant Police Officer Botta,   wa taken in a Queens Criminal Court case, Docket #CR-042237-18QN, People of State of New York v. Darrell Harris, Criminal Court of City of New York, County of Queens, that was dismissed, per Plaintiff Exhibit "1" on or about June 25, 2019, and these actions by defendants in taking on or about December 19, 2018 plaintiff's DNA were taken in violation of New York State DNA Databank Law. The CPL Section 160.50 unsealing authorization , sworn to on or about August 1, 2019 is also attached as Plaintiff Exhibit "1".

18. The taking of plaintiff's   DNA on or about December 19, 2018 was an intentional, unprivileged contact with plaintiff's person and constituted a battery, and violated plaintiff's constitutional rights, as defendants were acting willfully and deliberately according to a municipality implemented policy, statement, ordinance, regulation, and/or decision, officially and/or unofficially adopted by that body's officers herein, and defendant The City of New York and NYPD expressly and/or ratified such conduct.

19. As a result of defendants' said constitutional violation, plaintiff was caused to sustain emotional pain and suffering, sustained loss of liberty   of approximately 46 hours, incurred reasonable attorney fees and costs in the amount of $25,000.00, sustained loss of job, loss of income and/or loss of earning capacity, which will long continue.

20. Defendants' constitutional violation was wanton and malicious, egregious, heinous,

-6-

opprobrious   and oppressive, was calculated to and did result in loss of liberty and property rights,
and defendants are liable for punitive and exemplary damages as a result thereof.

21. As a result   of defendants' constitutional violation, plaintiff was caused to incur
reasonable attorney fees and costs.

COUNT II
(VIOLATION OF 42   U.S.C. SECTION 1983, FALSE ARREST)

22. Plaintiff herewith repeats, restates and realleges Paragraphs 1-21 herein above.

23. On or about December 19, 2018, plaintiff was requested to, and did appear for a
non-arrest interview at the 113th Precinct, Queens, NY.

24. When plaintiff appeared for a non-arrest interview at the 113th Precinct, Queens,
New York, on or about December 19, 2018, he was arrested for burglary because his
DNA multiple profile mixture was   allegedly confirmed by Criminalist Steven Hand of defendant
OCME as being on the subject residential home windowsill   on or about November 11, 2017,
which confirmation came about solely because the DNA databank index was accessed on June 23,
2018 following   plaintiff's inter alia,   assault conviction in Kings County, which confirmation
by   Criminalist Hand occurred   approximately seven (7) months after the burglary allegedly
occurred..

25. Plaintiff was therefore intentionally, willfully,   wrongfully arrested without
probable cause and/or without a warrant, even though he was not a fleeing felon and even though
his DNA was not in plain view, in violation of his constitutional rights.

26. The   false arrest of plaintiff constituted suppression of exculpatory evidence and/or
fabrication of inculpatory evidence in one or more of the following ways   in that: (a) the DNA
alleged Criminalist Hand confirmation relied on infected and/or mixed and/or corrupted

-7-

and/or unusable alleged plaintiff DNA and/or DNA that did not have a proper chain of custody and/or accurate vouchering and/or accurate quantity of pictograms to be amplified and analyzed, of which the defendants had actual knowledge; (b)plaintiff was prosecuted for an alleged burglary although   there existed no fingerprint and/or hair samples and/or footprint and/or saliva and/or clothing fiber evidence linking him to the scene of alleged burglary, of which defendants had actual knowledge; (c )   defendants, despite having a plethora of suitable DNA analyzable material to be obtained from the ransacked residential home, only conducted a DNA swab from the subject windowsill; (d) defendants knew that plaintiff had a verifiable alibi that he was a disc jockey spinning records in New Jersey at the time of the alleged on or about November 11, 2017 burglary at 141-19 Fochs Boulevard, Queens, NY, and prosecuted him Nonetheless; (d)      Defendants prosecuted plaintiff for burglary in violation of Complaints-Omniform System, page 1 that stated RECORD STATUS: FINAL, INITIAL ARRETS MADE, CASE STATUS: CLOSED, in violation of departmental policy;   (  e) the supporting December 19, 2018 deposition of defendant Villaneuva constituted a legally insufficient crime sounding in burglary, which is the breaking and entering of the dwelling of another with intent to commit a felony therein, because   it only alleged that an open window had alleged DNA multiple source profile affixed to the windowsill, failed to allege any broken glass and/or there existed no evidence   that any burglar tools were found at the scene, and as a matter of law, the case against plaintiff should have been dismissed.   (f)   The November 11, 2017 Omniform System-Complaint listed the complaining victims as one man and two women, whereas the Supporting deposition listed three (3) women as complaining victims; (g) Page 2 of the Omniform System-Complaints expressly stated that the document was being changed,

and that there existed Version 1 and Version 2 of the Narrative report pertaining to the alleged burglary, and defendants willfully destroyed and/or lost Version 2 of the police evidence herein; (g) there existed ample evidence of insurance fraud having been committed by the complaining victims, whose home was not forcibly broken into and/or which evidence of alleged window being pried open was speculative, vague and conclusory at best, and which victims failed to submit any invoices pertaining to the alleged value of the personal property Alleged stolen herein.

27. As a result of plaintiff's constitutional   rights being so violated herein, he sustained the above described injuries and damages.

COUNT   III
(VIOLATION OF 42 U.S.C. SECTION 1983-MALICIOUS   PROSECUTION)

28. Plaintiff herewith repeats, restates and realleges Paragraphs 1-27 herein above.

29. The criminal prosecution against plaintiff was   wanton, willful, egregious, without probable   cause and/or was malicious, and was favorably terminated on June 25, 2019, when the criminal case against plaintiff was dismissed.

30.   The criminal prosecution of plaintiff an African-American Male, was part of municipality implemented policy, statement, ordinance, regulation and/or decision to prosecute African-American Males for burglary, which said policy was officially and/or unofficially adopted by that body's officers, resulting in constitutional violations herein, and the defendant The City of New York and defendant NYPD expressly and/or impliedly ratified   said conduct herein.

31. As   a result of this constitutional violation, plaintiff sustained the above injuries and damages.

-9-

COUNT  IV

(MALICIOUS PROSECUTION)

32. Plaintiff herewith repeats, restates and realleges Paragraphs 1-31 herein above.

33.    The subject Court has ancillary jurisdiction to hear state related claims arising out of the subject factual particulars herein.

34.   The criminal prosecution of plaintiff was intentional, willful, egregious, opprobrious, malicious, without probable cause, and was favorably terminated by the dismissal of said criminal case, Docket #CR-042237-18QN on or about June 25, 2019, Criminal Court of City of New York, County of Queens, Kew Gardens, NY.

35. The malicious prosecution of plaintiff was willful, wanton, egregious and heinous, was calculated to and did   result in loss of plaintiff's liberty rights and loss of plaintiff property rights, and defendants are liable for punitive and exemplary damages as a result thereof.

36. Plaintiff timely and properly personally served a notice of claim hereunder on or about July 25, 2019, acknowledged on July 30, 2019 as Claim #2019PI020206.

COUNT V
(BATTERY)

37. Plaintiff herewith repeats, restates and realleges Paragraphs 1-36 herein.

38. The subject Court has ancillary jurisdiction to   hear the subject battery related claim herein.

39. Defendants have and had actual knowledge that on or about December 19, 2018 Defendant Police Officer Botta, at the direction and/or instruction and/or supervision of defendant Detective Ivan Villaneuva, made an intentional, unprivileged, unjustified, harmful and/or

offensive contact with plaintiff by so taking his DNA, in violation of law.

40. As a result of said battery, plaintiff   sustained injury to his body.

41. As a result of said battery, plaintiff sustained emotional pain and suffering.

42. As a result of said battery, plaintiff sustained the above described injuries and

damages.

43. Defendants' battery was wanton, intentional, egregious, opprobrious, and

heinous, was calculated to and did result on damage to plaintiff's liberty and property

rights, and defendants are liable for punitive and exemplary damages as a result   thereof.

WHEREFORE, plaintiff prays for relief as follows:

AS   FOR EACH OF THE FIRST, SECOND, THIRD, FOURTH AND FIFTH   COUNTS:

1. For general damages in the amount of   Ten   Million Dollars and Zero Cents ($10,000,000.00);

2. For punitive and exemplary damages in the amount of   Fifty Million Dollars and Zero Cents ($50,000,000.00);

3. For reasonable attorney fees and costs;

4. For disbursements; and

5. For any other just relief.

DATED: NEW YORK, NEW YORK
          DECEMBER 15, 2019                    Respectfully submitted,

                                               Gary S. Fish, Esq.,   (GSF 6551)
                                               Attorney for Plaintiff, 30 Vesey Street, 15th Floor
                                               NY, NY 10007; (212) 964-5100

-11-

Plaintiff
Exhibit "1"

Whereas, _Darrell Harris_, residing at _664 East 78 Street, Brooklyn, NY 11236_ PENAL LAW § 160.50

, date of birth, _9-1-1976_, Social Security number # _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_, NYPD ID # _____

having caused a Notice of Claim to be served upon The City of New York, demanding money damages

for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I

hereby waive my statutory rights, for purposes of this claim, to keep sealed the records of my arrest on or

about _December 19, 2018_, including all records maintained by law enforcement agencies,

criminal courts, and/or district attorney's office. If my case proceeded in the criminal courts, the docket #

was _CR-042239-18QN_, _and the case was dismissed on or about June 25, 2019. Criminal Court of City of New York, County of Queens, Kew Gardens, NY_

Whereas, it is necessary for The City of New York, to have access to the aforementioned

records of my arrest and any related criminal proceedings and incarceration in order to evaluate and

review my claim, and prepare its defense thereto, I hereby authorize any and all governmental agencies,

bodies and employees having custody of such records to release such records to the Office of the

Comptroller or the Office of the Corporation Counsel of the City of New York, or its authorized agent or

employee. I specifically authorize the New York City Police Department; _Queens_ County District

Attorney's Office; New York State Supreme Court, _Queens_ County, Criminal Term; and New York

City Criminal Court to disclose any and all records in their possession relating to the aforementioned

arrest and docket number to the Office of the Corporation Counsel of the City of New York, or its

authorized agent or employee.

Sworn to before me this ___ day of _April_

_[signature]_
PLAINTIFF/CLAIMANT
_Darrell Harris_

_[signature]_
NOTARY PUBLIC

_[signature]_
RADICA R. JAIKARAN
Notary Public, State of New York
No. 01JA6075477
Qualified in Kings County
Commission Expires June 10, 20 _22_

_08-01-2019_



# QUEENS CRIMINAL COURT

125-01 Queens Boulevard, Kew Gardens, NY 11415

Phone: (718) 298-0792  Fax: (718) 520-2451

# FEE

**Non-Public Version**

---

The People of the State of New York

vs.

**Darrell Harris**

Defendant DOB: **09/01/1976**

**Certificate of Disposition**

Docket Number:          **CR-042237-18QN**

Arrest Date: **12/19/2018**          Arraignment Date: **12/20/2018**

---

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Criminal Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | | Disposition Date |
|-------|-------------------|---------------|-------------|---|------------------|
| 1 | PL 140.25 02 CF Burglary 2nd- Dwelling **SEALED 160.50** | CF | Dismissed (Interest/Furtherance of Justice (CPL 170.30 (1)(g)), Sealed 160.50) | | 06/25/2019 |

Dated:  **September 23, 2019**

Chief Clerk/Clerk of the Court

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]

Arraignment charges may not be the same as the original arrest charges.

CPL 160.50:          All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

Plaintiff Exhibit "2"

2017-113-008806

Page 1 of 4

# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 113 | Jurisdiction: N.Y. POLICE DEPT | ICAD#: | Record Status: Final, Initial Arrests made | Complaint #: 2017-113-008806 | No Other Legacy Blue Versions | Complaint Revisions: View All Versions 0 1 2 |

| Occurrence Location INSIDE OF 141-19 FOCH BOULEVARD | NYC Parks Dept. Property | Precinct: 113 Sector: A Beat: Post: |
|---|---|---|
| Name Of Premise: | Did this offense occur on NYC Parks Dept. Property? NO | |
| Premises Type: RESIDENCE - HOUSE | Command: | |
| Location Within Premise: | NYC Parks Dept. Property Name: | |
| Visible By Patrol?: NO | | |

| Occurrence From: 2017-11-11 12:30 SATURDAY | Aided # |
|---|---|
| Occurrence thru: 2017-11-11   23:10 | Accident # |
| Reported: 2017-11-11   23:20 | O.C.C.B. # |
| Complaint Received: RADIO | |

| Classification: BURGLARY | Case Status: CLOSED |
|---|---|
| Attempted/Completed: COMPLETED | Unit Referred To: |
| Most Serious Offense is: FELONY | Clearance Code: DETECTIVE ARREST |
| PD Code: 221  BURGLARY,RESIDENCE,DAY | Log/Case #: 0 |
| PL Section: 14025 | Clearance Arrest Id: |
| Keycode: 107  BURGLARY | Clearance AO Cmd: |
| | File #: 7 |
| | Prints Requested? YES |

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|
| Gang Related? NO | Detective Borough Wheel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
| DIR Required? NO | | Child In Common? NO | Intimate Relationship? NO | Officer Body Worn Camera: NO |

| If Burglary: | Alarm: | If Arson: | Taxi Robbery: |
|---|---|---|---|
| Forced Entry? YES | Bypassed? NO | Structure: | Partition Present: NO |
| Structure: BLDG_RESIDENTIAL | Comp Responded? NO | Occupied?: | Amber Stress Light Activated: |
| Entry Method: WINDOW | Company Name/Phone: | Damage by: | Method of Conveyance: |
| Entry Location: REAR OF | Crime Prevention Survey Requested?: NO | | Location of Pickup: |
| | Complaint/Reporter Present?: NO | | |

| Supervisor On Scene - Rank / Name / Command : SGT TARNOCK 113 | Canvass Conducted: YES | Translator(if used): |
|---|---|---|

NARRATIVE:
AT TPO CV STATES THAT HE CANE HOME AND NOTICED THAT HIS DOOR TO THE UPSTAIRS APT HAD BEEN BROKEN INTO AND HIS WAS RANSACKED. CV #1 STATES THAT HE IS MISSING8 NECKLACES TOTALING $4000. CV#2 STATES SHE IS MISSING JEWERLY AND CLOTHES TOTALING $10000. FRONT DOOR NOT BROKEN, POINT OF ENTRY LOOKKS TO BE REAR SIDE WINDOW THAT SEEMS TO BE PRIED OPEN BY AN UNKNOWN OBJECT. OTHER ROOM SIN THEHOUSE WERE BROKEN INTO AND RANSACKED BUT OWNERS NOT HOME TO REPORT PROPERTY MISSING. NO CAMERAS IN AREA. SGT TARNOCK ON SCENE, DET RIZZO 113 PDU

2017-113-008806

...IED,POMONTELEONE QUEENS SOUTH ECT NOTIFIED. SGT TARNOCK REVIEWED.

...sion 1, AT TIME PLACE OF OCCURRENCE COMPLAINT #2017-113-8806 IS BEING CHANGED TO ADD N ADDITIONAL COMPLAINANT
VICTIM AND ADDITIONAL PROPERTY. M C_____ DATE OF BIRTH,_____
DETECTIVE NOZDROVIC Y, 113 PRECINCT DETECTIVE UNIT NOTIFIED. COMPLAINANT VICTIM #3 STATES WAS AT ORK WHEN
INCIDENT HAPPENED. DID NOT REALIZE PROPERTY WAS MISSING UNTIL A FEW AYS LATER. WENT TO 113 STATION HOUSE TO ADD
TO REPORT. TOTAL PROPERTY STOLEN OR COMPLAINANT VICTIM #3 TOTALS $1185.00 U.S. CURRENCY. ***AS PER POLICE OFFI ER
SCHULTZ, TAX #952092, ORIGINAL PREPARER OF THIS DD5. ***
Version 2. SYSTEM GENERATED

## No NYC TRANSIT Data for Complaint # 2017-113-008806

| Total Victims: 3 | Total Witnesses: 0 | Total Reporters: 0 | Total Wanted: 0 |
|---|---|---|---|

| *VICTIM: # 1 of 3* | Name: W.G. | Complaint#: 2017-113-008806 |
|---|---|---|

| | Gang/Crew Affiliation: NO |
|---|---|
| Nick/AKA/Maiden: | Name: |
| UMOS: NO | Identifiers: |
| Sex/Type: MALE | |
| Race: BLACK | |
| Age: 66 | |
| Date Of Birth: | |
| Disabled? NO | Will View Photo: NO |
| Is this person not Proficient in English?: NO | Will Prosecute: YES |
| If Yes, Indicate Language: | Notified Of Crime Victim Comp. Law: NO |
| N.Y.C.H.A Resident? NO | |
| Is Victim fearful for their safety / life? YES | |
| Escalating violence / abuse by suspect? NO | |
| Were prior DIR's prepared for C/V? YES | |

| LOCATION | ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM |
|---|---|---|---|---|---|
| HOME-PERMANENT | | | | | |

Phone #: HOME: Not Provided/Unavailable CELL: _____ BUSINESS: Not Provided/Unavailable BEEPER: Not Provided/Unavailable
E-MAIL: Not Provided/Unavailable

| Action against Victim: | Actions Of Victim Prior To Incident: |
|---|---|
| Victim Of Similar Incident: NO | If Yes, When And Where |

| *VICTIM: # 2 of 3* | Name: L.M. | Complaint#: 2017-113-008806 |
|---|---|---|

| | Gang/Crew Affiliation: NO |
|---|---|
| Nick/AKA/Maiden: | Name: |
| UMOS: NO | Identifiers: |
| Sex/Type: FEMALE | |
| Race: BLACK | |
| Age: 45 | |
| Date Of Birth: | |
| Disabled? NO | Will View Photo: NO |
| Is this person not Proficient in English?: NO | Will Prosecute: YES |
| If Yes, Indicate Language: | Notified Of Crime Victim Comp. Law: NO |
| N.Y.C.H.A Resident? NO | |
| Is Victim fearful for their safety / life? YES | |
| Escalating violence / abuse by suspect? NO | |
| Were prior DIR's prepared for C/V? NO | |

| LOCATION | ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM |
|---|---|---|---|---|---|
| HOME-PERMANENT | | | | | |

Phone #: HOME: Not Provided/Unavailable CELL: _____ S: Not Provided/Unavailable BEEPER: Not Provided/Unavailable
E-MAIL: Not Provided/Unavailable

REF000002

2017-113-008806

| against Victim: | Actions Of Victim Prior To Incident: |
| Of Similar Incident: | If Yes, When And Where |

| VICTIM: # 3 of 3 | Name: M.C. | Complaint#: 2017-113-008806 |

| Nick/AKA/Maiden: | Gang/Crew Affiliation: NO |
| UMOS: NO | Name: |
| Sex/Type: FEMALE | Identifiers: |
| Race: UNKNOWN | |
| Age: 58 | |
| Date Of Birth: | |
| Disabled? NO | Will View Photo: NO |
| Is this person not Proficient in English?: NO | Will Prosecute: NO |
| If Yes, Indicate Language: | Notified Of Crime Victim Comp. Law: NO |
| N.Y.C.H.A Resident? NO | |
| Is Victim fearful for their safety / life? NO | |
| Escalating violence / abuse by suspect? NO | |
| Were prior DIR's prepared for C/V? NO | |

| LOCATION | ADDRESS | CITY | STATE/COUNTRY ZIP | APT/ROOM |
| HOME-PERMANENT | | | | |

Phone #: HOME:      CELL: Not Provided/Unavailable BUSINESS: Not Provided/Unavailable BEEPER: Not Provided/Unavailable
E-MAIL: Not Provided/Unavailable

| Action against Victim: | Actions Of Victim Prior To Incident: N/A |
| Victim Of Similar Incident: NO | If Yes, When And Where |

## ARRESTS:
Complaint # 2017-113-008806

| Arrest ID | Status | Defendant Name | Sex | Race | Age | Arrest Date |
|---|---|---|---|---|---|---|
| Q18650421 | ACTIVE | HARRIS, DARRELL | MALE | BLACK | 42 | 12/19/2018 |

## PROPERTY:
Complaint #2017-113-008806

Lost/Stolen/Found: STOLEN

| Item | Property Category | Owner Identification Num: | Qty | Description | Serial # | Property Type | $ Stolen | $ Recovered |
|---|---|---|---|---|---|---|---|---|
| 1. | PERSONAL | NONE | 3. | TENNIS BARCELETS | | JEWELRY | 90. | 0. |
| 2. | PERSONAL | NONE | 1. | HOOP EARINGS | | JEWELRY | 125. | 0. |
| 3. | PERSONAL | NONE | 6. | YELLOW METAL NECKALCE | | JEWELRY | 4000. | 0. |
| 4. | PERSONAL | NONE | 4. | PEARL JEWERLY SET | | JEWELRY | 1000. | 0. |
| 5. | PERSONAL | NONE | 1. | YELLOW METAL BRACLET | | JEWELRY | 600. | 0. |
| 6. | PERSONAL | NONE | 1. | YELLOW METAL NECKLACE | | JEWELRY | 700. | 0. |
| 7. | PERSONAL | NONE | 2. | LOUIS VUITTON BOOT | | FURS/CLOTHING | 600. | 0. |
| 8. | PERSONAL | NONE | 1. | LOUIS VUITON BAG | | FURS/CLOTHING | 1300. | 0. |
| 9. | PERSONAL | NONE | 1. | CHANEL HAND BAG | | FURS/CLOTHING | 3000. | 0. |
| 10. | PERSONAL | NONE | 1. | MISCELLANEOUS CLOTHING | | FURS/CLOTHING | 3000. | 0. |
| 11. | PERSONAL | NONE | 1. | MINK 3/4 JACKET | | FURS/CLOTHING | 895. | 0. |
| 12. | PERSONAL | NONE | 1. | ANTIQUE WATCH | | JEWELRY | 75. | 0. |

TOTAL VALUES: STOLEN $ 15385. RECOVERED $ 0.

## EVIDENCE:
Complaint # 2017-113-008806

| Evidence Collected?: YES | Evidence Collection Team/Crime Scene Requested?: | ECT Responded?: YES | ECT Run#: 2583 | Crime Scene Responded?: | Crime Scene Number: - |

2017-113-008806

Invoice #

No IMEI Data for Complaint # 2017-113-008806

## NOTIFICATIONS / ADDITIONAL COPIES:

Complaint # 2017-113-008806

Notifications to:

| Rank/Title | Name | Unit/Agency | Log # |
|---|---|---|---|
| DET | RIZZO | 113 PDU | |
| PO | MONTELEONE | QS ECT | 2583 |

| | Tax #: | Command: | Rep.Agency: |
|---|---|---|---|
| Reporting/Investigating M.O.S. Name:<br>POM JORDAN ERIC | 941973 | 113 PCT | NYPD |
| Supervisor Approving Name:<br>SGT GANSROW STEVEN | 928345 | 113 PCT | NYPD |
| Complaint Report Entered By:<br>POM MURPHY | 955241 | 113 PCT | NYPD |
| Signoff Supervisor Name:<br>SGT GONZALEZ | 940201 | 113 PCT | NYPD |

END OF COMPLAINT REPORT
# 2017-113-008806

Print this Report

...port - Q18650421



# New York City Police Department
## Omniform System - Arrests

| **RECORD STATUS: NYSID ENTERED** | **Arrest ID: Q18650421 - J** |
|---|---|
| **Arrest Location: INSIDE OF 167-02 BAISLEY BOULEVARD** | **Pct: 113** |

**Arrest Date: 12-19-2018**  Processing Type: **ON LINE**  Current Location of Perpetrator:

**Time: 10:40:00**  DCJS Fax Number: **QO039171**  Borough: **Queens**

Sector: **B**  Special Event Code: **NO -**  Type: **ALL PD LOCATIONS**

Strip Search Conducted: **NO**  DAT Number: **0**  Location: **113 PRECINCT**

Viper Initiated Arrest: **NO**  ICAD#

Stop And Frisk: **NO**  Return Date: **0000-00-00**

Serial #: **0000-000-00000**

| **COMPLAINTS:** | **Arrest #: Q18650421** |
|---|---|

| **COMPLAINT NUMBER** | **REPORT DATE** | **RECORD STATUS** | **OCCUR DATE** | **OCCUR TIME** |
|---|---|---|---|---|
| 2017-113-08806 | 2017-11-11 | Valid, Initial Arrests made 2017-11-11 | | 12:30 |

| **CHARGES:** | **Arrest #: Q18650421** |
|---|---|

| **CHARGE** | **ATTEMPT?** | **LAW CODE** | **CLASS** | **TYPE** | **COUNTS** | **DESCRIPTION** |
|---|---|---|---|---|---|---|
| TOP | No | PL 140.20 | F | D | 1 | BURGLARY-3RD |

How Arrest came about:

| | | | # Injuries: 00 | # Fatalities: 00 | Test Given: | | Reason Vehicle Not Forfeit: | |
|---|---|---|---|---|---|---|---|---|
| **Blood Specimen Taken:** | **Blood Specimen Refused:** | **Urine Specimen Taken:** | **Urine Specimen Refused:** | **Oral Fluid Specimen Taken:** | **Oral Fluid Specimen Refused:** | **Breath Sample Refused:** | **Breath Sample Reading:** | **BrAC: 0.0** |
| **Role: IDTU Technician** | Department: NYPD | Tax: 0 | Command: | Shield: 0 | Rank: | Last Name: | First Name: | MI: | IDTU/Blood Case No: |
| **Role: Point Person** | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |
| **Role: Supv in Charge of Checkpoint** | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |

| **DETAILS:** | **Arrest #: Q18650421** |
|---|---|

AT T/P/O DEFENDANT DID ENTER RESIDENCE AND REMOVE PROPERTY WITHOUT PERMISSION OR AUTHORITY.

| **DEFENDANT: HARRIS, DARRELL** | NYSID #: | **Arrest #: Q18650421** |
|---|---|---|

Nick/AKA/Maiden:

Sex: **MALE**

Race: **BLACK**

Age: **42**

Date Of Birth:

U.S. Citizen: **YES**

Place Of Birth:

Is this person not Proficient in English?: **NO**

If Yes, Indicate Language:

Accent: **NO**

Identification ID:

Identification #:

Height: **5FT 9IN**

Weight: **150**

Eye Color: **BROWN**

Hair Color: **BLACK**

Hair Length: **LONG**

Hair Style: **CURLY/WAVY**

Skin Tone: **MEDIUM**

Complexion: **CLEAR**

Soc.Security #:

Occupation: **UNKNOWN**

Order Of Protection: **NO**

Issuing Court:

Docket #:

Expiration Date:

Relation to Victim: **UNKNOWN/NONE**

Living together: **NO**

Can be Identified: **NO**

Gang/Crew Affiliation: **NO**

Name:

Identifiers:

eport – Q18650421                                                    Page 2 of 3

Physical Condition: **APPARENTLY NORMAL**          Lic/Permit Type:

Drug Used: **NONE**                               Lic/Permit No:

| LOCATION | ADDRESS | CITY | STATE/CNTRY ZIP APT/ROOM | PCT |
|---|---|---|---|---|
| HOME-PERMANENT | | | | |

Phone # and E-Mail Address:

N.Y.C.H.A. Resident: **NO**  N.Y.C. Housing Employee:  On Duty:

Development:          N.Y.C. Transit Employee:

**Physical Force: NONE**

Gun:
Weapon Used/Possessed: **NONE**          Make:          Recovered:
Non-Firearm Weapon:                      Color:  Serial Number Defaced:
Other Weapon Description:                Caliber:       Serial Number:
                                         Type:
                                         Discharged: **NO**

Used Transit System: **NO**
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | **UNKNOWN** |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | FOOTWEAR - WORK BOOTS - BROWN |
| CLOTHING | OUTERWEAR - SNORKEL, SKI, HOODED JACKET - BLUE |
| CLOTHING | HEADGEAR - SKULLCAP - BLUE |
| CLOTHING | ACCESSORIES - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

**JUVENILE DATA:**                                       Arrest #: **Q18650421**

Relative Notified:  Personal Recog:
Number Of Priors: **0**     Name:
School Attending:     Phone Called:
Mother's Maiden Name:   Time Notified:

**ASSOCIATED ARRESTS:**                                  Arrest #: **Q18650421**

ARREST ID  COMPLAINT #

**No Vehicles for Arrest #**

**DEFENDANTS CALLS:**                                    Arrest #: **Q18650421**

| CALL # | NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|---|---|---|---|---|---|
| 1 | - - | REFUSED,REFUSED | REFUSED | | NO |

**INVOICES:**                                            Arrest #: **Q18650421**

INVOICE#  COMMAND  PROPERTY TYPE  VALUE

**ARREST RULES:**                                        Arrest #: **Q18650421**

ARREST PROCESSING TYPE : O
OFFENCE DATE : 11/11/2017

eport - Q18650421

T TIME OF OCCURRENCE : 41
BAND : A_PRE_RTA
V. OFFENDER CHARGE : , IS JUV. OFFENDER : FALSE
UV. DELINQUENT CHARGE : , IS JUV.DELINQUENT : FALSE
JUV. ADOLESCENT CHARGE : , IS ADOLESCENT : FALSE

| ARRESTING OFFICER: DT3 IVAN VILLANUEVA | Arrest #: Q18650421 |
|---|---|

| | | Force Used: NO |
|---|---|---|
| Tax Number: 947581 | On Duty: YES | Type: |
| Other ID (non-NYPD): 947581 | In Uniform: YES | Reason: |
| Shield: 4982 | Squad: SM | Officer Injured: NO |
| Department: NYPD | Chart: 08 | Officer Body Worn Camera: NO |
| Command: 343 | Primary Assignment: INVESTIGATIVE | TRI Number: 0000-000-00000 Suffix: 0 |

| Arresting Officer Name: DT3 VILLANUEVA, IVAN | Tax #: 947581 | Command: 343 | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: SGT FINNEGAN SEAN P | Tax #: 943238 | Command: 343 | Agency: NYPD |
| Report Entered by: DT3 VILLANUEVA, IV | Tax #: 947581 | Command: 343 | Agency: NYPD |

| END OF ARREST REPORT Q18650421 |
|---|

| Print this Report |
|---|

Q18650421

# HARRIS, DARRELL

NYSID :
Fax Num : 18003991Y1
Court Part :
Docket Num : CR-042237-180N

Arrest Precinct : 113

MALE/ BLACK/ 42

Arrest Officer : VILLANUEVA, IVAN
AO Command : 343
AO Taxld : 947581
AO Rank : DT3
AO Dept :

Status : DHO
Current Lodging : FEEDER PEN (QCF)
Top Charge : PL 140.20
Notes On File ? YES

Custody Time : 23 hrs 53 mins
Arraignment Time : 23 hrs 53 mins

| ARREST 12/19/2018 1940 | RECORD CREATE 12/19/2018 1552 | NYSID 12/19/2018 1524 | DNA BANNER * 12/19/2018 1528 |
|---|---|---|---|
| PAPERWORK READY 12/19/2018 1628 | AO RELEASE 12/19/2018 1828 | COMPLAINT SWORN 12/19/2018 1428 | COMPLAINT RECEIVED 12/11/2018 2206 |
| BREAKDOWN 12/19/2018 2206 | PACKAGE TO COURT 12/19/2018 2257 | DOCKETED 12/19/2018 1524 | RB CAPTURED 12/11/2018 2042 |
| IRIS VERIFIED 12/20/2018 1033 | ARRAIGNMENT CLOSED 12/20/2018 1033 | BAIL SET 12/20/2018 1033 | DHO 12/20/2018 0103 |

## Arraignment Status

| Activity Name | StartDate/Time - EndDate/Time |
|---|---|
| ARREST | 12/19/2018 1940 - |
| RECORD CREATE | 12/19/2018 1552 - |
| NYSID | 12/19/2018 1525 - |
| DNA BANNER * | 12/19/2018 1525 - 12/19/2018 2051 |
| PAPERWORK READY | 12/19/2018 1628 - |
| AO RELEASE | 12/19/2018 1828 - |
| COMPLAINT SWORN | 12/19/2018 1828 - |
| COMPLAINT | 12/19/2018 2206 - |
| RECEIVED | |
| BREAKDOWN | 12/19/2018 2206 - |
| PACKAGE TO COURT | 12/19/2018 2257 - |
| DOCKETED | 12/19/2018 1825 - |
| IRIS CAPTURED | 12/19/2018 2042 - |
| IRIS VERIFIED | 12/20/2018 1033 - |
| ARRAIGNMENT | 12/20/2018 1033 - |
| CLOSED | |
| BAIL SET | 12/20/2018 1033 - |
| DHO | 12/20/2018 0103 - |

## Lodging Status/History

| Lodging Name |
|---|
| 113 PRECINCT |
| PRISONER INTAKE (QIN) |
| MALE HOLDING |
| FEEDER PEN (QCF) |

## Charges

| Law Code | Category | Charge Class | Degree |
|---|---|---|---|
| PL 140.20 | F | D | 3 |

| StartDate/Time - EndDate/Time |
|---|
| 12/19/2018 1940 - 12/19/2018 2023 |
| 12/19/2018 2023 - 12/19/2018 2125 |
| 12/19/2018 2125 - 12/19/2018 2303 |
| 12/19/2018 2303 - |

## Grouped by NYSID

| Arrest Id | Arrest Date | NYSID | Law Code | Arrest Date | Defendant | AO NAME |
|---|---|---|---|---|---|---|

Note
DNA SAMPLE OWED
DNA#11084589A COLLECTED BY PO BOTTA, TAX #916772

## Grouped Arrests

| Arrest Id | Arrest Date | NYSID | Defendant | AO NAME | Officer Last Name | Officer First Name |
|---|---|---|---|---|---|---|
| | | | | | MELENDEZ | MIGUEL |
| | | | | | CLASE | MARDPLY* |

| Officer Rank | Officer Cmd. |
|---|---|
| POM | 585 |
| SGT | 585 |

## Notes

| Date | Time |
|---|---|
| 12/19/2018 | 1940 |
| 12/19/2018 | 2053 |

Page 1

HARRIS, DARRELL | Q18650421

DEF000008

Fax:                          Dec 15 2018  10:37pm  P002/003

APET07048855

CRIMINAL COURT OF THE CITY OF NEW YORK          Q18G50421
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK          STATE OF NEW YORK
                                                   QUEENS
                    v.
                                             CR-042237-18QN
          DARRELL HARRIS (41Y)
          143414 5Y
                              DEFENDANT

DETECTIVE IVAN VILLANUEVA OF QNS DET AREA 113, TAX REG#: 947581,  BEING
DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT NOVEMBER 11 2017  BETWEEN
12:30PM AND 1:10PM, INSIDE OF 141-19 FOCH BOULEVARD, COUNTY OF QUEENS,
STATE OF NEW YORK, THE DEFENDANT COMMITTED THE OFFENSE OF:

PL 140.25-2 (CF) BURGLARY IN THE SECOND DEGREE - (DNA SAMPLE REQUIRED
     UPON CONVICTION)

PL 140.25-2 (CF) BURGLARY IN THE SECOND DEGREE - (DNA SAMPLE REQUIRED
UPON CONVICTION)
     --- KNOWINGLY ENTER OR REMAIN UNLAWFULLY IN A BUILDING THAT WAS A
     DWELLING WITH INTENT TO COMMIT A CRIME THEREIN.

THE ABOVE OFFENSE WAS COMMITTED AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, ▮▮▮▮▮▮▮▮
THAT AT THE ABOVE MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE SHE
OBSERVED THAT PROPERTY WAS MISSING FROM HER BEDROOM IN THE ABOVE
LOCATION, INCLUDING BUT NOT LIMITED TO: A YELLOW METAL NECKLACE, A
YELLOW METAL BRACELET, A RING WITH PEARLS, A CHANEL BAG, AND LOUIS
VUITTON BOOTS.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT, ▮▮▮▮▮
▮▮▮▮▮, THAT ON THE ABOVE MENTIONED DATE, TIME, AND PLACE OF
OCCURRENCE SHE RETURNED TO FIND HER BEDROOM IN SAID LOCATION MESSY
WITH THE WINDOW OPEN AND NUMBER OF PROPERTY ITEMS MISSING, INCLUDING
BUT NOT LIMITED TO: TWO COATS, ASSORTED JEWELRY, AND ASSORTED CLOTHING
ITEMS.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY POLICE OFFICER AUDRA
DARCY OF THE EVIDENCE COLLECTION TEAM (TAX REG#: 936496) THAT ON
NOVEMBER 12 ,2017 SHE CONDUCTED A DNA SWAB OF THE WINDOWSILL OF THE
FIRST FLOOR REAR BEDROOM WINDOW IN THE ABOVE MENTIONED LOCATION TO
TEST FOR POSSIBLE DNA.

Fax:                              Dec 15 2019 10:58am  P003/003

HARRIS,DARRELL  Q18610421

DEPONENT IS FURTHER INFORMED BY STEVEN HAND, A CRIMINALIST II WITHIN THE
OFFICE OF THE CHIEF MEDICAL EXAMINER (OCME), DEPARTMENT OF FORENSIC
BIOLOGY, THAT DNA TESTING OF THE ABOVE MENTIONED SWAB REVEALED A
MULTIPLE SOURCE DNA PROFILE.  DEPONENT STATES HE IS INFORMED BY
CRIMINALIST STEVEN HAND THAT THE OCME DEPARTMENT OF FORENSIC BIOLOGY
THEREAFTER UPLOADED THIS MULTIPLE SOURCE DNA PROFILE TO THE NEW YORK
STATE DNA INDEX SYSTEM (SDIS).

DEPONENT STATES HE IS FURTHER INFORMED BY CRIMINALIST STEVEN HAND THAT
HE RECEIVED A HIT ON "MALE DONOR A" FROM THE ABOVE MENTIONED MULTIPLE
SOURCE DNA PROFILE, AND THAT THE DNA PROFILE OF "MALE DONOR A" OF SAID
PROFILE IS THE SAME AS THAT OF THE KNOWN DNA PROFILE OF THE DEFENDANT,
DARRELL HARRIS. NYSID: ███████

DEPONENT STATES THAT HE HAS EXAMINED A COPY OF THE CERTIFICATION OF
THE ABOVE DESCRIBED RECORDS AND THAT SAID RECORDS WERE MADE IN THE
REGULAR COURSE OF BUSINESS AND THAT IT WAS IN THE REGULAR COURSE OF SAID
BUSINESS AND THAT IT IS THE REGULAR COURSE OF SUCH BUSINESS TO MAKE IT,
AT THE TIME OF THE ACT, TRANSACTION, OCCURRENCE OR EVENT, OR WITHIN A
REASONABLE TIME THEREAFTER.

DEPONENT IS FURTHER INFORMED BY COMPLAINANT ████ THAT SHE IS THE
LEGAL CUSTODIAN OF THE ABOVE MENTIONED PROPERTY LISTED AS BELONGING TO
SAID COMPLAINANT, AND THAT THE DEFENDANT DID NOT HAVE PERMISSION OR
AUTHORITY TO TAKE, REMOVE, POSSESS, USE, OR OTHERWISE EXERCISE CONTROL
OVER SAID PROPERTY.

DEPONENT IS FURTHER INFORMED BY COMPLAINANT ████ THAT SHE IS THE LEGAL
CUSTODIAN OF THE ABOVE MENTIONED PROPERTY LISTED AS BELONGING TO SAID
COMPLAINANT, AND THAT THE DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY
TO TAKE, REMOVE, POSSESS, USE, OR OTHERWISE EXERCISE CONTROL OVER SAID
PROPERTY.

DEPONENT IS FURTHER INFORMED BY COMPLAINANT ████ THAT SHE WAS A
LEGAL CUSTODIAN OF THE ABOVE MENTIONED LOCATION ON NOVEMBER 11, 2017,
AND THAT THE DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO ENTER
OR REMAIN IN SAID LOCATION.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

12/15/17
DATE        SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

DATE        SIGNATURE

DEF000014